IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**JANE DOE**                                                                        **PLAINTIFF**

**v.**                                                      **CAUSE NO. 2:25CV137-LG-BWR**

**JOSE AGUIRE, et al.**                                                        **DEFENDANTS**

### ORDER DENYING MOTION TO PROCEED UNDER A PSEUDONYM

This matter is before the Court upon Plaintiff's Motion [3] for Leave to Proceed Under a Pseudonym. Plaintiff has filed a civil Complaint against a physician and seven corporate entities alleging Title VII employment discrimination and numerous state law causes of action.[1] She seeks to proceed in this matter under the pseudonym of "Jane Doe." In rare cases, circumstances permit a court to allow a plaintiff to proceed anonymously. This is not such a case.

### DISCUSSION

There is a strong presumption against allowing parties to use a pseudonym. *See, e.g., Doe v. Blue Cross & Blue Shield United,* 112 F.3d 869, 872 (7th Cir.1997); *Doe v. Frank,* 951 F.2d 320, 323–24 (11th Cir.1992); *S. Methodist Univ. Ass'n of Women L. Students v. Wynne & Jaffe,* 599 F.2d 707, 712–13 (5th Cir.1979). As a general rule, the Federal Rules of Civil Procedure require plaintiffs

---

[1] The Complaint alleges claims of sexual harassment, hostile working environment, quid pro quo sexual harassment, retaliation. constructive discharge and failure to accommodate; negligent hiring, training, retention and supervision; assault and battery; and negligent and intentional infliction of emotional distress.

to disclose their names in the instrument they file to commence a lawsuit. Fed. R. Civ. P. 10(a); *Doe v. Stegall,* 653 F.2d 180 (5th Cir. 1981). This rule reflects the "clear and strong First Amendment interest in ensuring that '(w)hat transpires in the courtroom is public property.'" *Id.* at 185 (quoting *Craig v. Harney*, 331 U.S. 367, 374 (1947)). However, in certain circumstances, "the normal practice of disclosing the parties' identities yields to a policy of protecting privacy in a very private matter." *Id.* There is "no hard and fast formula for ascertaining whether a party may sue anonymously." *Id.* at 186. "The decision requires a balancing of considerations calling for maintenance of a party's privacy against the customary and constitutionally-embedded presumption of openness in judicial proceedings." *Id.* Significant factors may include the minor status or vulnerability of a party, threats of violence or harassment, or a "quintessentially private" matter such as religious belief. *Id.*

The Fifth Circuit has identified three factors that may be considered in determining whether a party may proceed under a pseudonym: (1) whether the plaintiff is challenging governmental activity; (2) whether the case requires the disclosure of information that is "of the utmost intimacy"; and (3) whether the case may result in the admission of the plaintiff's "intention to engage in illegal conduct." *Id.* at 185. "The threat of hostile public reaction to a lawsuit, standing alone, will only with great rarity warrant public anonymity." *Id.* at 186.

Here, Plaintiff is not challenging governmental authority, nor will this case

result in the admission of Plaintiff's intention to engage in illegal conduct. And unlike the plaintiffs in *Stegall,* she is not a minor. According to Plaintiff, she "would be compelled to disclose intimate and highly sensitive information relating to her rape, sexual harassment, discrimination, abuse, assault, and battery by her direct supervisor." Mot. [3] at 3. And by "exposing her identity as a sexual abuse survivor, Plaintiff will suffer damage to her reputation, both professional and personal retaliation, and further mental and emotional harm." *Id.*

The Court notes that Plaintiff's Motion fails to explain why Plaintiff and her counsel elected to draft a 48-page Complaint, consisting of 150 separate paragraphs. The amount of superfluous detail hardly resembles the "short and plain statement of the claim" intended by the Federal Rules of Civil Procedure.[2] In fact, much of what is alleged is not essential to a civil complaint for Title VII employment discrimination or supplemental state law claims and would appear to be inconsistent with a litigant who seeks to keep a low profile. Significantly, to any casual reader, the facts alleged by themselves clearly identify the Plaintiff.

---

[2] Fed. R. Civ. P. 8 provides in part:
   **(a) Claim for Relief.** A pleading that states a claim for relief must contain:
**(1)** a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
**(2)** a short and plain statement of the claim showing that the pleader is entitled to relief; and
**(3)** a demand for the relief sought, which may include relief in the alternative or different types of relief.

Moreover, Plaintiff's Complaint goes on to relate, in painstakingly vivid detail, the "utmost intimate" facts of the alleged sexual encounter, from which she now requests anonymity. *See* Complaint, ¶ 47-73.

The plaintiff is the master of the civil complaint. The Plaintiff here chose to file a civil complaint that included needless self-identifying information and gratuitous graphic depictions as noted above. The threat of exposure to identification, and the revelation of intimate details is largely self-inflicted and does not outweigh the Constitutional need to ensure openness in court proceedings.

Finally, the Court notes that none of the defendants have made an appearance in this matter. Plaintiff is therefore free to consider an amended complaint that is more in line with the short and plain statement contemplated by Rule 8 of the Federal Rules of Civil Procedure.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, Plaintiff's Motion [3] for Leave to Proceed Under a Pseudonym is **DENIED**.

**SO ORDERED AND ADJUDGED** this the 6th day of November, 2025.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE